# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONNIE B. HOEKE,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　Civil Action No. 11-1002
　　　　　　　　　　　　　　　　　　)
COMPANION LIFE INSURANCE　　　　　 )　　Magistrate Judge Cathy Bissoon[1]
COMPANY,　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　 )

## ORDER

　　　Pending before the Court is Defendant Companion Life Insurance Company's Motion to Strike Plaintiff's Jury Demand (Doc. 11). For the reasons stated herein, the Court will grant Defendant's motion.

　　　Plaintiff initially brought this action in the Court of Common Pleas of Allegheny County, Pennsylvania, seeking payment for medical bills and wages allegedly due under a long term disability policy administered by Defendant. See Compl. (Doc. 1-1). Defendant removed this action to this Court on the basis of federal question jurisdiction because Plaintiff's claim is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), and on the basis of diversity jurisdiction. See Notice of Removal (Doc. 1).

　　　Plaintiff's action is an action "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan" under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). It is well-established that a litigant in such a case is not entitled to a jury trial, because such actions are equitable actions analogous to actions for breach of trust. Pane v. RCA Corp., 868 F.2d 631, 636 (3d Cir. 1989); Turner v. CF&I Steel Corp., 770 F.2d 43, 46-47 (3d Cir. 1985); see also

---

[1]　By consent of the parties, the undersigned sits as the District Judge in this case. See Consent forms (Docs. 7, 9).

1

DeLong v. Aetna Life Ins. Co., 232 F. App'x 190, 193 n.3 (3d Cir. 2007) (noting that claim for denial of disability benefits under 29 U.S.C. § 1132(a)(1)(B) is "an equitable cause of action for which there is no right to a jury trial").

The Supreme Court cases cited by Plaintiff do not alter this conclusion. Both Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204 (2002), and Sereboff v. Mid Atlantic Medical Services, Inc., 547 U.S. 356 (2006), address whether ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits an action by an insurance plan administrator to recover payments due from a plan beneficiary. The instant case involves a different subsection of ERISA in the context of a beneficiary suing a plan administrator to recover benefits allegedly due under the plan. Both Knudson and Sereboff, therefore, are inapposite.

For the reasons stated above, the Court hereby **ORDERS** that Defendant's Motion to Strike Plaintiff's Jury Demand (Doc. 11) is **GRANTED**. The Court hereby strikes Plaintiff's jury demand.

**IT IS SO ORDERED**.

        s/ Cathy Bissoon
        Cathy Bissoon
        U.S. Magistrate Judge

October 17, 2011

cc (via e-mail):

All counsel of record.