IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CONNIE B. HOEKE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1002 |
| | ) | |
| COMPANION LIFE INSURANCE COMPANY, | ) | Judge Cathy Bissoon |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I.  MEMORANDUM

Pending before the Court is Plaintiff Connie B. Hoeke's Motion to Remand (Doc. 23). For the reasons stated herein, the Court will grant Plaintiff's motion.

**BACKGROUND**

In this Employee Retirement Income Security Act ("ERISA") case, Plaintiff Connie B. Hoeke seeks recovery of long term disability benefits from Defendant Companion Life Insurance Company. On September 22, 2008, Plaintiff submitted her claim for long term disability benefits to Defendant. In order to determine Plaintiff's eligibility for benefits, Defendant, on February 17, 2009, requested from Plaintiff her payroll records from December 1, 2003, to the present. CLI0122.[1] On March 11, 2009, Defendant again requested payroll records and added a request for attendance records for the same time period. CLI0093.[2] On March 25, 2009, Defendant denied Plaintiff's claim due to a lack of information regarding Plaintiff's payroll and attendance records. CLI0085-90. In a letter, Defendant explained to Plaintiff:

---

[1]  Citations with the prefix "CLI" refer to page numbers in the administrative record of Plaintiff's long term disability claim, which was filed under seal at Document 28 on the docket.
[2]  According to the March 11, 2009 letter, Defendant requested attendance records from Plaintiff during a telephone call on March 4, 2009. CLI0093.

1

> The lack of eligibility information hindered our ability to determine your eligibility for Long Term Disability coverage, outlined in the policy. Because of this, your LTD benefits must be denied.
>
> This determination is based on a lack of sufficient proof of loss required to enable us to evaluate your eligibility. You may perfect your claim by providing the necessary information, or, if you disagree, you may appeal our decision without providing the information.
>
> If you wish to perfect your claim, please submit the required information to my attention. We will review the information and advise you of our decision regarding our claim determination.
>
> The following information, not previously submitted, is necessary for a determination of your claim. Specifically, you should send payroll and attendance records from December 1, 2003 to the present time. That information is necessary to determine your eligibility under the Policy. If you would like this information considered, we must receive it as soon as possible. Please send it to the claim office at the address shown on this letterhead.
>
> If you are unable to or do not wish to provide the requested information, you may submit and appeal of our decision to the Appeal Unit.
>
> The Employee Retirement Income Security Act of 1974 ("ERISA") gives you the right to appeal our decision and receive a full and fair review. You may appeal our decision even if you do not have new information to send to us. . . . If you do not agree with our denial, in whole or in part, and you wish to appeal our decision, your or your authorized representative must write to us within one hundred eighty (180) days from the receipt of this letter.

CLI0088.

Plaintiff never sent the requested payroll and attendance records to Defendant, and did not appeal the denial of her claim. Plaintiff initiated this action on June 20, 2011. See Compl. (Doc. 1-1).

Plaintiff now seeks remand to the plan administrator so that she may supplement the administrative record with the previously requested payroll and attendance records. According

2

to Plaintiff, she previously was unable to collect the requested information due to the large amount of information requested and the nature of her alleged disability, severe major depression and Attention Deficit Hyperactivity Disorder ("ADHD"). Pl.'s Br. 3-4 (Doc. 23).

## ANALYSIS

Plaintiff argues that remand to the plan administrator is appropriate because Defendant's denial of Plaintiff's claim was not based upon sufficient evidence, and because Plaintiff's failure to provide the requested information was due to her debilitating disability, and not due to negligent or intentional conduct. See Pl.'s Br. (Doc. 23); Pl.'s Reply (Doc. 29). The Court agrees that remand is appropriate, although not for the same reasons advanced by Plaintiff. Remand is appropriate because Defendant failed to provide Plaintiff sufficient time to provide the requested information, failed to adequately explain to Plaintiff why payroll and attendance records were necessary to decide her claim, and failed to set forth specific reasons for denying Plaintiff's claim.

### A. Failure to Provide Sufficient Time to Provide Requested Information and Failure to Explain Why Requested Information was Needed

Regulations applicable to Defendant's determination of Plaintiff's disability claim require that a plan administrator notify a claimant of an adverse disability claim determination within 45 days of "the time a claim is filed in accordance with the reasonable procedures of a plan, without regard to whether all the information necessary to make a benefit determination accompanies the filing." 29 C.F.R. § 2560.503-1(f)(4) (2008). If the plan administrator determines that an extension of time to make a claim determination is necessary due to matters beyond the control of the plan, the time period to make a claim determination may be extended twice for additional 30-day periods upon notice to the claimant. 29 C.F.R. § 2560.503-1(f)(3) (2008). The notice must "specifically explain the standards on which entitlement to a benefit is based, the

unresolved issues that prevent a decision on the claim, and the additional information needed to resolve those issues, and the claimant shall be afforded at least 45 days within which to provide the specified information." Id.

Plaintiff submitted her long term disability claim to Defendant on September 22, 2008. See CLI0087.[3] The initial 45-day period to make a claim determination, therefore, expired on November 6, 2008. Defendant appears to have notified Plaintiff of a 30-day extension in a January 27, 2009 letter. CLI0200. Defendant did not request payroll or attendance records at this time. See id. Defendant first requested payroll records from Plaintiff in a February 17, 2009 letter. CLI0122. In a February 24, 2009 letter, Defendant again requested payroll records. CLI0102. In that February 24 letter, Defendant appears to have notified Plaintiff of another 30-day extension of time to make a claim determination. See id. Defendant's first written request for attendance records occurred on March 11, 2009. CLI0093. Defendant denied Plaintiff's claim on March 25, 2009. CLI0085-90. Defendant, therefore, denied Plaintiff's claim only 36 days after requesting payroll records and only 14 days after Defendant's first written request for attendance records. The evidence of record demonstrates that Defendant did not afford Plaintiff "at least 45 days within which to provide the specified information" needed to decide her claim. 29 C.F.R. § 2560.503-1(f)(3) (2008).

Defendant also failed to "specifically explain the standards on which entitlement to a benefit is based." Id. Defendant sent three letters to Plaintiff requesting payroll and/or attendance records. CLI0122, CLI0102, CLI0093. These letters explained that the requested information was needed "to evaluate your claim," CLI0122, CLI0093, or "to determine your

---

[3] Plaintiff's initial claim form does not appear to be in the administrative record, but Defendant acknowledged in its claim denial letter that Plaintiff filed her claim on September 22, 2009. CLI0087.

4

eligibility for Long Term Disability Benefits," CLI0102, but none of the letter explained the standard being used to evaluate Plaintiff's claim or determine her eligibility. None of the letters explained why the payroll and attendance records were necessary to decide Plaintiff's claim.

Defendant grossly mischaracterizes the record with respect to Defendant's requests for Plaintiff's payroll and attendance records. Defendant asserts:

> Because [Plaintiff's] employer did not provide the required information, Companion requested payroll and attendance records from Ms. Hoeke, the owner of Therapeutic Specialists. (CLI0067; CLI0122; CLI0102; CLI0104.) Over the course of five months, Ms. Hoeke repeatedly promised to provide this information to Companion, stating on at least two occasions that she had the information and would submit it within the week. (CLI0094; CLI0091-92.) Despite Plaintiff's promises, she did not submit any payroll or attendance records.
>
> As a result, Companion denied Plaintiff's claim for LTD benefits. (CLI0085-89.) In its denial letter, Companion noted that it had not received payroll or attendance records, despite the fact that it had requested the records on at least five (5) separate occasions. (CLI0088.)

Def.'s Br. 2-3 (Doc. 27).

Defendant's assertion that it requested payroll and attendance records from Plaintiff "[b]ecause her employer did not provide the required information," Def.'s Br. 2 (Doc. 27), is not supported by the record. Nothing in the record indicates that Defendant requested payroll and attendance records from Plaintiff's employer prior to requesting those records from Plaintiff.[4] Further, contrary to Defendant's assertion, Defendant's letter to Plaintiff denying her claim suggests that Defendant's request for payroll and attendance records were prompted by

---

[4] Defendant, from October 16, 2008, to December 1, 2008, made five requests to Plaintiff's employer for the following information: Plaintiff's last date worked, percentage of Plaintiff's long term disability benefit that is taxable, Plaintiff's date of hire, effective date of Plaintiff's long term disability coverage, and a copy of Plaintiff's job description. CLI0232, CLI0238, CLI0240, CLI0241, CLI0242. Plaintiff's employer provided the requested information to Defendant on December 15, 2008. CLI0231.

5

Defendant's review of Plaintiff's medical records, not by anything Plaintiff's employer did or did not do. See CLI0087-88.

Defendant further insinuates that, after requesting payroll and attendance records from Plaintiff, it waited five months before denying Plaintiff's claim for failing to provide the requested information. As explained above, Defendant denied Plaintiff's claim only 36 days after requesting payroll records and 14 days after requesting attendance records.[5]

**B. Failure to Explain Basis of Claim Determination**

Defendant also failed to comply with the applicable statute and regulation regarding notifications of adverse claim determinations. ERISA § 503, 29 U.S.C. § 1133, provides:

> In accordance with regulations of the Secretary, every employee benefit plan shall—
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

---

[5] In referring to "the course of five months," Defendant apparently is including Plaintiff's communications with Defendant after Defendant denied Plaintiff's claim. Defendant could not have denied Plaintiff's claim "[a]s a result" of Plaintiff's failure to provide the requested information "[o]ver the course of five months," because Defendant denied Plaintiff's claim only 36 days after first requesting payroll records and only 14 days after first requesting attendance records. Defendant also makes the misleading assertion that Defendant "had requested the records on at least five (5) separate occasions." Def.'s Br. 3 (Doc. 27). What Defendant appears to characterize as "five (5) separate occasions" are: (1) a February 17, 2009 fax to Plaintiff's employer requesting payroll records; (2) a separate February 17, 2009 letter to Plaintiff requesting payroll records; (3) a March 4, 2009 telephone call requesting attendance records; (4) a March 11, 2009 letter following up on the March 4, 2009 request for attendance records; and (5) the same March 11, 2009 letter, which also requested payroll records. See CLI0088. Simultaneous communications to both Plaintiff and her employer requesting the same information are not "separate occasions." Similarly, requests for two different types of information in a single letter do not constitute two "separate occasions." Regardless of the number of requests made by Defendant, the relevant facts are that Defendant first requested payroll records on February 17, 2009, first requested attendance records on March 11, 2009, and rejected Plaintiff's claim on March 25, 2009.

> (2) afford a reasonable opportunity to any participant whose claim
> for benefits has been denied for a full and fair review by the
> appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133. The regulations accompanying this statute require that a notification of adverse benefit determination:

> shall set forth, in a manner calculated to be understood by the claimant—
>
> (i) The specific reason or reasons for the adverse determination;
>
> (ii) Reference to the specific plan provisions on which the determination is based;
>
> (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
>
> (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review;

29 C.F.R. § 2560.503-1(g)(1) (2008).

Defendant's March 25, 2009 claim denial letter to Plaintiff did not satisfy ERISA's requirement to "set[] forth the specific reasons for such denial, written in a manner calculated to be understood by the participant." 29 U.S.C. § 1133. The first two and a half pages of Defendant's letter provided a lengthy excerpt from Plaintiff's long term disability policy, followed by the statement that "[w]e based our decision to deny your claim on policy language." CLI0085-87. Nothing in the letter, however, made "[r]eference to the specific plan provisions on which the determination is based."[6] 29 C.F.R. § 2560.503-1(g)(1)(ii). The letter explained that the requested payroll and attendance "information is necessary for us to complete our

---

[6] Defendant in its brief suggests that denial of Plaintiff's claim was based on the plan provision requiring "active" employment to be eligible for benefits. Def.'s Br. 2 (Doc. 27). Significantly, this plan provision is not mentioned in the March 25, 2009 claim denial letter.

investigation of your claim," that "[t]he lack of eligibility information hindered our ability to determine your eligibility for Long Term Disability coverage, outlined in the policy," and that "[t]his determination is based on a lack of sufficient proof of loss required to enable us to evaluate your eligibility." CLI0088. Those general statements are not "specific reasons" for the claim denial. The letter further explained that the requested payroll and attendance records were "necessary for a determination of your claim," and "necessary to determine your eligibility under the Policy." CLI0088. Other than those general statements, the letter did not explain "why such material or information is necessary." 29 C.F.R. § 2560.503-1(g)(1)(iii). For those reasons, Defendant failed to comply with ERISA's requirement to "set[] forth specific reasons" for a claim denial. See Miller v. Am. Airlines, Inc., 632 F.3d 837, 852 (3d Cir. 2011) (finding statement in benefits termination letter that the defendant was "unable to verify" disability was "a general blanket assessment that [the plaintiff] is ineligible for disability benefits," and that such a statement fails to provide "specific reasons" for a denial of benefits).

### C. Remand to Plan Administrator

Remand is appropriate here because Defendant failed to give Plaintiff sufficient time to provide the requested payroll and attendance records, Defendant failed to provide any explanation for why such records were necessary to determine Plaintiff's claim, and Defendant failed to provide specific reasons for denying Plaintiff's claim. See Syed v. Hercules Inc., 214 F.3d 155, 162 (3d Cir. 2000) ("[T]he remedy for a violation of [ERISA] § 503 is to remand to the plan administrator so the claimant gets the benefit of a full and fair review.").

Although Plaintiff did not specifically raise these issues in its motion for remand, proceeding to the merits of this case also would result in remand. Plaintiff's long term disability insurance policy gives Defendant discretionary authority to determine eligibility for benefits. CLI0039. Reviewing Defendant's claim determination under ERISA, therefore, would require

this Court to determine whether Defendant's decision to deny Plaintiff's claim was arbitrary and capricious. Miller, 637 F.3d at 844. Defendant's failure to afford Plaintiff at least 45 days to provide requested information, failure to explain why the requested information was needed, and failure to set forth specific reasons for denying Plaintiff's claim all indicate that Defendant's decision was arbitrary and capricious.[7] See id. at 851 ("[A]n administrator's compliance with § 503 in making an adverse benefit determination is probative of whether the decision to deny benefits was arbitrary and capricious."). "In a situation where benefits are improperly denied at the outset, it is appropriate to remand to the administrator for full consideration of whether the claimant is disabled. To restore the status quo, the claimant would be entitled to have the plan administrator reevaluate the case using reasonable discretion." Miller, 632 F.3d at 856-57.

**CONCLUSION**

For all of the reasons stated above, Plaintiff Connie B. Hoeke's Motion to Remand (Doc. 23) is granted.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Plaintiff Connie B. Hoeke's Motion to Remand (Doc. 23) is **GRANTED**. Plaintiff's claim is remanded to the plan administrator to reevaluate Plaintiff's claim according to the proper procedures with respect to the payroll and attendance records requested by Defendant.

**IT IS SO ORDERED**.

s/ Cathy Bissoon<br>
Cathy Bissoon<br>
United States District Judge

---

[7] Even if Defendant's failure to comply with statutory and regulatory requirements did not render Defendant's decision arbitrary and capricious, Defendant's failure to set forth specific reasons for denying Plaintiff's claim renders it impossible for this Court to review Defendant's decision.

9

March 6, 2012

cc (via e-mail):

All counsel of record.